| | | |
|---|---|---|
| **TOMMY KEATING AND LISA KEATING** | * | **NO. 2023-CA-0232** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **LEE MILLER AND FAMILY SECURITY INSURANCE COMPANY** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**BELSOME, J. DISSENTS WITH REASONS**

I disagree with the majority's opinion and would reverse the trial court's judgment granting the exception.

The majority rests its opinion on the precedential value of *Robinson v. State Farm Mut. Aut. Ins. Co.*, 2022-0726 (La. App. 4 Cir. 6/20/23), 368 So.3d 1143. While I agree with the decision in *Robinson*, I disagree with its application to this case. *Robinson* is distinguishable from the instant case. The argument in *Robinson* and in the case at bar both rely on interpretation of our Supreme Court's order suspending prescription and peremption. It is appropriate to review the timeline of events in these two very similar cases.

The Supreme Court's order suspended peremption for thirty days. La. C. C. Art. 3472 instructs us on the effect of suspension of prescription as follows: "The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." The emergency order suspended the Keatings' peremption date from October 14, 2021 until November 15, 2021.[1]

---

[1] The 30-day period ended on Saturday, November 13. By operation of law, the peremption period is extended to the next non-holiday as defined by La. C. C. P. art. 5059.

La. C. C. art. 3472.1(B) provided the Keatings, "the right to file any pleading subject to the suspension … sixty days after the termination of the suspension…". That sixty-day period ended on November 18, 2021.[2]

In *Robinson*, the literal reading of the Supreme Court's order would have added thirty days to the date on which prescription tolled. However, the order was of no value to that plaintiff because her lawsuit was filed on May 18, 2022, more than seven months after the last day of the suspension period and more than five months after the sixty-day "right to file" period of La. C. C. art. 3472.1(B). Clearly, the filing in *Robinson* was not timely.

The peremptive period for the Keatings claim was also suspended for thirty days. Critically, however, the Keatings did file their claim within the sixty-day period permitted for filing by La. C. C. art. 3472.1(B).

The Supreme Court order should be interpreted in the same manner as a statute. It is a well-accepted rule of statutory interpretation that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of its intent. La. C. C. art. 9; La. R. S. 1:4. In both *Robinson* and in the Keating's case, the emergency order does not lead to any absurd consequence. As written, all peremptive periods throughout the state were suspended by thirty days. However, only those claims filed within the sixty days after the end of the suspension period would benefit by the emergency order. This makes perfect sense.

The following hypothetical demonstrates why the emergency order as written creates a more equitable and reasonable result than appellee's interpretation: If A has a claim that would have expired on the last day of the 30-day suspension period, then he has effectively gotten an 89-day extension of prescription. If B has a claim that falls one day later, it might be said that he has

---

[2] As noted by the majority, the Keatings filed their petition on November 9, 2021.

been deprived of a much needed "extension" even though he was equally affected by the post-hurricane chaos.  Post-Laura (and after other significant hurricanes), many courthouses and law offices were closed due to lack of electricity and / or damage to buildings.

I also disagree with the trial court's application of the revision of La. C. C. art. 3472.1 to this case.  First, the amended verbiage is not a revision of the article that existed at the time that the Keatings' claim arose.  The 2020 version of the article granted power to the Supreme Court to suspend prescription.  The 2022 version granted power to the governor.  The executive and judicial are constitutionally disparate branches of government. That is a significantly different assignment of powers. In addition, any change in a prescriptive period is necessarily a change in substantive law in that it may wholly deprive a litigant of a claim that it might otherwise have had.  The 2022 amendment cannot be applied retroactively because to do so would violate constitutional grants of rights under the United States Constitution and Louisiana law.[3]

For the reasons above, I would reverse the trial court's judgment and deny the exception.

---

[3] U.S. Const. art. I, § 9, cl. 3; La. C. C. art. 6.